Theopinion of the court was delivered by
McEnery, J.
Mrs. Saloy died in the city of NewaOrleans. Her ¡succession was fully administered - and the effects turned over to the heirs. During her last illness she had in her possession, a short time before her death, a box containing money, bonds and jewelry. This box and contents were given to the plaintiff by Mrs. Saloy by manual gift, and she deposited the box in bank. The circumstances attending the gift induced the attorney for absent heirs to institute proceedings for the judicial sequestration of the box. The plaintiff in these proceedings refused to deliver the box and contents, and *1387 asserted his ownership and legal possession of the same during the pendency of the conservatory writs provoked by the attorney for absent heirs in a rule taken on him. This rule was dismissed by plaintiff. In the conservatory proceedings instituted by this attorney, the judge ordered a judicial sequestration of the box and contents. From this order the.plaintiff appealed. The judgment of the District Court was affirmed by this courc. Succession Saloy, 43 An. 1158.
After the judicial sequestration of the box and contents, the administrators of the succession filed a suit against the plaintiff in behalf of the succession, for the ownership and possession of the same, on the ground that Mrs. Saloy had never parted with the ownership and possession of the box and contents, and had never made a manual gift of the same to the plaintiff. During the taking of the inventory, it is noted in the process verbal that said box and contents had been given to plaintiff, and the statements of the witnesses in whose presence it was given are set out in said inventory. On the trial of this suit there was judgment for the plaintiff herein, Mrs. Louque, declaring the donation valid and confirming her title to the box and contents. The succession representatives did not appeal from this judgment.
The plaintiff now brings this suit for damages on account of the proceedings instituted by the attorney for absent heirs and the suit instituted against her by the administrator of the succession.
The grounds of complaint are that the suits are libellous and that the inference drawn from the institution of the same was that Mrs. Louque had unlawfully abstracted the box and contents; that she suffered pecuniary loss for attorneys’ fees in defending said suits, and that she lost the opportunity of investing her money by the long detention of said box and contents.
The answer is a general denial. There was a trial by jury and a verdict and judgment in behalf of defendants, from which plaintiff appealed.
1. There is no averment or statement in the petitions filed in the suit of the administrator against plaintiff and in the application of the attorney for absent heirs that can by any possible construction be construed into a libel of plaintiff’s character, nor is there any innuendo that can be inferred from the allegations that would asperse the character of plaintiff. The petition and application ure respectful and are in the usual forms. If the suit for the box *1388 and contents created unfavorable impressions against plaintiff it was one of those unfortunate inferences that sometimes follow suits and accompany litigation for which the plaintiff, in the honest pursuit of a right, is not responsible. The plaintiff in this suit was fully vindicated and the alleged unfavorable impressions were dissipated by the judgment in her behalf.
So far as damages are claimed for the institution of the proceedings by rule by the attorney for absent heirs, they are effectually barred by the judgment of this court affirming the judgment of the lower court in the case of the Succession of Saloy, 43 An. 1151.
In fact the issues presented in this suit are mainly disposed of in the opinion rendered by this court in that case.
In the opinion we said: “ Under the terms of the order its only effort was to hold the box where it was until its contents were ascertained, and when the possessor prevented its opening, the box simply remained in the custody of the bank until further orders of the court. The effect in that case would have been simply that of a judicial sequestration, which we think in such a case would have been sufficient under Art. 273 of the Oode of Practice, at least until the succession could be represented by the appointment of an administrator who could invoke the proper conservatory process to protect the interest of the succession.”
The fact of the statement of witnesses to the donation appearing on the inventory did not determine the question of title or possession. It was still open to judicial inquiry and investigation.
That the administrator’s duty was to continue the investigation instituted by the attorney for absent heirs was indicated in that portion of the opinion quoted. And the plaintiff herein also invited the suit instituted by the administrators.
The rule filed by Mrs. Louque, the plaintiff, on the attorney for absent heirs, tendered the issue of title to the box. In this sale the heirs of Saloy intervened and denied the title of Mrs. Louque to the box, and prayed for an order that the box be turned over to the succession of Saloy. She hastily discontinued this rule. There was, therefore, no alternative for the succession representatives but to bring the- action^against which this complaint is made.
They acted in good faith, without malice and with probable cause, in the institution of a suit for the protection of a succession entrusted to this administration.
Judgment affirmed.